UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

| | |
|---|---|
| ADONIS ALI, | ) |
| | ) |
| Plaintiff, | ) Case No. 1:05-cv-501 |
| | ) |
| v. | ) Honorable Robert Holmes Bell |
| | ) |
| MICHIGAN PAROLE BOARD et al., | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

## **OPINION**

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*, and Plaintiff has paid the initial partial filing fee. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim.

**Discussion**

I.  Factual Allegations

Plaintiff currently is incarcerated in the Mid-Michigan Correctional Facility. Plaintiff pled guilty in Wayne County Circuit Court to one count of armed robbery and one count of felony-firearm. He was sentenced on August 4, 1997, to consecutive prison terms of five to fifteen years for the armed robbery conviction and two years for the felony-firearm conviction. During Plaintiff's incarceration, the Michigan Parole Board (MPB) recommended that Plaintiff attend the Assaultive Offender Program (AOP). Plaintiff's complaint concerns the June 3, 2005, decision by the MPB and members of the MPB, Defendants Charles E. Braddock and Stephen DeBoer, for a twenty-four-month continuation of Plaintiff's incarceration.

On December 16, 2003, Plaintiff was paroled. Due to several parole violations, his parole was subsequently revoked. Plaintiff's parole violations include that he failed to report to his parole officer, disobeyed a direct order to stay away from his fiancé, and allegedly threatened and assaulted an unnamed victim. It is not clear in Plaintiff's complaint who Plaintiff threatened and assaulted. The MPB imposed a twelve-month continuance on Plaintiff's incarceration on October 25, 2004. The MPB subsequently dismissed the allegations of "threatening and assault" but held that Plaintiff was a technical rule violator. The MPB recommended Plaintiff remain free of misconduct, obtain a work detail, and "be responsible in any programs that he may be involved in." Plaintiff successfully completed Strategies for Thinking Productively and Phase I Substance Abuse programs.

Defendant Braddock interviewed Plaintiff on May 19, 2005, for a MPB hearing. In the interview, Defendant Braddock asked Plaintiff why Plaintiff committed the armed robbery in "10

words or less" and why Plaintiff assaulted and threatened an unnamed victim in "10 words or less." Plaintiff argues that he was not allowed to adequately defend himself due to the length of the interview. On June 3, 2005, Plaintiff received a twenty-four-month continuance from the MPB. The MPB allegedly based its decision on the following factors: (i) Plaintiff's armed robbery, (ii) his refusal to participate in the AOP and (iii) the psychological or physical torturing of the armed robbery victim. Plaintiff did not provide a copy of the MPB decision.

In his complaint, Plaintiff argues for a parole re-hearing. First, Plaintiff states that the AOP was not recommended or required during Plaintiff's twelve-month continuance of this incarceration. The AOP, however, was recommended during Plaintiff's initial incarceration. Second, Plaintiff argues that he did not psychologically or physically torture the armed robbery victim. Third, Plaintiff states that he progressed during the twelve-month continuance of incarceration by increasing from a +4 high probability of parole to +8 high probability of parole. Fourth, Plaintiff argues that he has two prospective jobs upon release from incarceration, no major misconduct tickets, excellent work reports, and a parole plan. Fifth, Plaintiff argues that he was clearly denied Michigan's re-entry program when he met the full criteria of the program. Finally, Plaintiff provides that he is currently admitted to the AOP.

Plaintiff requests that this Court order the MPB to conduct a re-hearing of his parole and re-screen Plaintiff for the State's re-entry program.[1]

---

[1] A challenge to the fact or duration of confinement should be brought as a petition for habeas corpus and is not the proper subject of a civil rights action brought pursuant to § 1983. *See Preiser v. Rodriguez*, 411 U.S. 475, 484, 493 (1973) (the essence of habeas corpus is an attack by a person in custody upon the legality of that custody and the traditional function of the writ is to secure release from illegal custody). The Supreme Court has held that a state prisoner cannot make a cognizable claim under § 1983 for an alleged unconstitutional conviction or for "harm caused by actions whose unlawfulness would render a conviction or sentence invalid" unless a prisoner shows that the conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck v.*

II.   Failure to state a claim

A complaint fails to state a claim upon which relief can be granted when it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. *Jones v. City of Carlisle*, 3 F.3d 945, 947 (6th Cir. 1993). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

A.   **Due Process**

Plaintiff claims that the MPB and Defendants Braddock and DeBoer violated his right to due process by failing to consider all of the relevant facts and circumstances in making their parole decision and by failing to provide a fair parole interview. Plaintiff fails to raise a claim of constitutional magnitude because he has no liberty interest in being released on parole. There is no constitutional or inherent right to be conditionally released before the expiration of a prison sentence. *Greenholtz v. Inmates of Neb. Penal and Corr. Complex*, 442 U.S. 1, 7 (1979). Although a state may establish a parole system, it has no duty to do so, and thus, the presence of a parole system by itself

---

*Humphrey*, 512 U.S. 477, 486-87 (1994); *see also Edwards v. Balisok*, 520 U.S. 641, 646-48 (1997 ). However, in *Wilkinson v. Dotson*, 125 S. Ct. 1242, 1247 (2005), the Supreme Court clarified that §1983 remains available to state prisoners for procedural challenges where success in the action would not necessarily spell immediate or speedier release for the prisoner. Plaintiff does not directly seek release from prison; rather, he requests a new hearing. As a consequence, under *Wilkinson*, success in this action would not necessarily demonstrate the invalidity of Plaintiff's continued confinement, so his action does not appear to be *Heck*-barred. Assuming that Plaintiff's action is cognizable under § 1983, it fails to state a claim as set forth herein

- 4 -

does not give rise to a constitutionally-protected liberty interest in parole release. *Id.* at 7; *Board of Pardons v. Allen*, 482 U.S. 369, 373 (1987). Rather, a liberty interest is present only if state law entitles an inmate to release on parole. *Inmates of Orient Corr. Inst. v. Ohio State Adult Parole Auth.*, 929 F.2d 233, 235 (6th Cir. 1991).

In *Sweeton v. Brown*, 27 F.3d 1162, 1164-65 (6th Cir. 1994) (en banc), the Sixth Circuit, noting "the broad powers of the Michigan procedural authorities to deny parole," has held that the Michigan system does not create a liberty interest in parole. Subsequent to its 1994 decision, the Sixth Circuit has recognized the continuing validity of *Sweeton* and has continued to find that Michigan's parole scheme creates no liberty interest in being released on parole. *See Ward v. Stegall*, No. 03-1804, 2004 WL 614581 (6th Cir. March 24, 2004); *Martin v. Ohio Adult Parole Auth.*, No. 03-3642, 2003 WL 22976604, at *1 (6th Cir. Dec. 8, 2003); *Bullock v. McGinnis*, No. 00-1591, 2001 WL 180978, at *2 (6th Cir. Feb. 14, 2001); *Turnboe v. Stegall*, No. 00-1182, 2000 WL 1679478, at *1 (6th Cir. Nov. 1, 2000); *Hawkins v. Abramajtys*, No. 99-1995, 2000 WL 1434695, at *2 (6th Cir. Sept. 19, 2000); *Irvin v. Michigan Parole Bd.*, No. 99-1817, 2000 WL 800029, at *2 (6th Cir. June 14, 2000); *Clifton v. Gach*, No. 98-2239, 1999 WL 1253069, at *1 (6th Cir. Dec. 17, 1999). Also, in unpublished decisions, the Sixth Circuit has held that particular parts of Michigan's statutory parole scheme do not create a liberty interest in parole. *See Fifer v. Michigan Dep't of Corr.*, No. 96-2322, 1997 WL 681518, at *1 (6th Cir. Oct. 30, 1997); *Moran v. McGinnis*, No. 95-1330, 1996 WL 304344, at *2 (6th Cir. June 5, 1996); *Leaphart v. Gach*, No. 95-1639, 1995 WL 734480, at *2 (6th Cir. Dec. 11, 1995); *Vertin v. Gabry*, No. 94-2267, 1995 WL 613692, at *1 (6th Cir. Oct. 18, 1995); *Neff v. Johnson*, No. 92-1818, 1993 WL 11880, at *1 (6th Cir. Jan. 21, 1993); *Janiskee v. Michigan Dep't of Corr.*, No. 91-1103, 1991 WL 76181, at *1 (6th

Cir. May 9, 1991); *Haynes v. Hudson*, No. 89-2006, 1990 WL 41025, at *1 (6th Cir. Apr. 10, 1990). Finally, the Michigan Supreme Court has recognized that there is no liberty interest in parole under the Michigan system. *Glover v. Michigan Parole Bd.*, 596 N.W.2d 598, 603-04 (Mich. 1999). Accordingly, Plaintiff has no liberty interest at stake. Because Plaintiff has no liberty interest at stake, he fails to state a claim for a violation of his procedural due process rights. *See Sweeton*, 27 F.3d at 1164-65.

## **Conclusion**

Having conducted the review now required by the Prison Litigation Reform Act, the Court determines that Plaintiff's action fails to state a claim and will therefore be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the $255 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $255 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A Judgment consistent with this Opinion will be entered.


Date:   September 16, 2005           /s/ Robert Holmes Bell
                                     ROBERT HOLMES BELL
                                     CHIEF UNITED STATES DISTRICT JUDGE